# Supreme Court of Florida

THURSDAY, JUNE 2, 2022

**CASE NO.: SC20-1693**
Lower Tribunal No(s).:
2021-00,002(4B)

THE FLORIDA BAR      vs.    JEFFREY CHARLES REGAN

Complainant(s)              Respondent(s)

Upon consideration of the Amended Report of Referee, the Amended Motion to Assess Costs, and the briefs filed in this case, the Court hereby approves the referee's findings of fact and recommended finding of not guilty as to all violations charged. The referee's recommendation of diversion is disapproved.

Respondent is hereby found not guilty of the alleged misconduct. Accordingly, this case is dismissed.

Each party shall bear its own costs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, and GROSSHANS, JJ., concur.
COURIEL, J., dissents with an opinion, in which LABARGA, J., concurs.

COURIEL, J., dissenting.

I would have approved the referee's findings of fact, rejected his finding as to guilt, and ordered a public reprimand in this case.

Our Rules of Professional Conduct state that "[a] lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage [or] humiliate . . . other lawyers on any basis." R. Regulating Fla. Bar 4-8.4(d).

Respondent, a member of the bar for almost four decades, was lead counsel to the plaintiff in a significant case that had been pending for a long time. Confronted with what he thought were meritless pleadings from a newcomer to the litigation, he sent two emails on June 20, 2020, that, on their face, are clear and convincing evidence of disparagement and humiliation of opposing counsel in violation of the rule. Nobody disputes that the messages were sent. Respondent remembers writing, but not sending, one of them—but off it indisputably went.

To Respondent's credit, he acknowledges that his "correspondence was unprofessional, undignified, rude, and

outlandish" and that there is "no place in the practice of law for such correspondence." Amended Report of Referee at 12-13. Yet it is incumbent upon us to say so, and to say so with force and clarity when such words come from the most senior and trusted members of our profession.

LABARGA, J., concurs.

A True Copy
Test:



John A. Tomasino
Clerk, Supreme Court

so
Served:
ELEANOR HADDEN SILLS
CHRIS W. ALTENBERND
JOSEPH ARNOLD CORSMEIER
HON. CHRISTOPHER ANTHONY FRANCE, JUDGE
PATRICIA ANN TORO SAVITZ